Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 4948 | DATE | 8/15/2000 |
| CASE TITLE | USA vs. Taiwo Babatunde Obayemi | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Because "it plainly appears from the face of the motion... and the prior proceedings in the case that the movant (Obayemi) is not entitled to relief in the district court" (Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts), the motion must be dismissed summarily (id.). (1-1)
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | AUG 17 2000 | |
| | Notified counsel by telephone. | | date docketed | 2 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | ED-7 | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | | |
| | | 00 AUG 16 PM 12: 15 | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,          )
                                )
      v.                        )   No.  00 C 4948
                                )   (98 CR 434-4)
TAIWO BABATUNDE OBAYEMI,        )
                                )
            Defendant.          )

MEMORANDUM OPINION AND ORDER

Taiwo Babatunde Obayemi ("Obayemi") has just submitted a self-prepared 28 U.S.C. §2255 ("Section 2255") motion and supporting Memorandum of Law (cited "Mem.--") that seek to challenge both his conviction and his sentence imposed by this Court after Obayemi had entered a guilty plea to Count Six of the superseding indictment in this case. Because "it plainly appears from the face of the motion...and the prior proceedings in the case that the movant [Obayemi] is not entitled to relief in the district court" (Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts), the motion must be dismissed summarily (id.).

Although the preceding paragraph referred to Obayemi's current motion and its supporting Memorandum as "self-prepared," the strong likelihood (judging from the internal evidence of the Memorandum itself) is that he has had the assistance of some jailhouse lawyer who regards himself as having a workable understanding of the kinds of issues with which even trained

lawyers may find some difficulty. In this instance, however, analysis of the motion and Memorandum demonstrates that either Obayemi (if he did the work himself) or the fellow inmate on whom he may have relied has done nothing more than to demonstrate that "a little learning is a dangerous thing" (Alexander Pope, <u>Essay on Criticism</u>).

To begin with, Obayemi asserts that Count Six does not charge a cognizable federal offense, so that this Court was "coram non judice" (Mem. 3). But the attachment of a Latin label does not convert an invalid argument into one that has merit. In fact Count Six charged a drug conspiracy under 21 U.S.C. §846:[1]

> Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

And the "offense defined in this subchapter," to which Count Six then adverted, charged a violation of Section 841(a)(1):

> (a) Unlawful acts
>
> Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally--
>
> > (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.

What Obayemi attempts to argue is that Count Six, charged in that fashion, fails to charge a federal offense on the theory

---

[1] All further references to Title 21's provisions will simply take the form "Section--."

2

that there are no penalties provided for under Section 841(a). To that end Obayemi refers to what he characterizes as Justice Scalia's "dictum" in <u>Edwards v. United States</u>, 523 U.S. 511 (1998). But a reference to that citation reveals (1) that <u>Edwards</u> is a case in which Justice Breyer wrote the short opinion for a <u>unanimous</u> Supreme Court (with no separate opinion having been written by Justice Scalia) and (2) that the opinion itself contains not a word that supports Obayemi's position. Instead, it turns out from Obayemi's later discussion (Mem. 9) that the so-called "dictum"--the language quoted by Obayemi--appears to have been part of something that Justice Scalia said during the course of the oral argument in that case.

This Court has not troubled itself to take the needless step of finding out whether the purported quotation is accurate, or indeed the equally needless step of looking into the context in which Justice Scalia may have voiced some musings to the effect that Section 841(b)(which states only the <u>penalties</u> for the conduct made unlawful by Section 841(a)) somehow states the criminal offense itself. What controls the outcome here, even apart from the fact that what any Justice may have said in the course of oral argument does not qualify as an expression (or even a dictum) by the Court itself, is that Obayemi's contention is flatly at odds with Section 846 itself: That section unquestionably makes unlawful a conspiracy "to commit an[ ]

3

offense," and Section 841(a) equally unquestionably states "an offense."

Most of what Obayemi has urged after he has advanced the just-described untenable position falls of its own weight once his basic premise has failed. That flaw in his basic premise taints each of the arguments in Obayemi's supporting Memorandum, with only one exception that calls for further brief discussion.

That exception is an equally untenable position advanced at the very end of the Memorandum: Obayemi's mistaken belief that where as here the Sentencing Guidelines established a range of 87 to 108 months for an offense that carried a mandatory statutory minimum sentence of 5 years imprisonment, the concept that "the mandatory minimum sentence provided for by statute trumps the Guideline sentence" (Mem. 20-21) means that Obayemi should have been sentenced to 60 months rather than 87 months. In this instance it is possible that layman Obayemi should not be faulted for failing to understand that the just-quoted phrase denotes a situation in which a lower Guideline range is necessarily overridden by Congress' enactment of a higher mandatory minimum sentence--but because the word "minimum" means just that, he is dead wrong in his belief that the statutory mandatory minimum operates to override a higher Guideline range.

As stated at the outset, nothing that Obayemi has advanced qualifies as the kind of objection that can serve as the

4

predicate for Section 2255 relief. Obayemi's motion is denied, and this action (because such motions are assigned civil case numbers for recordkeeping purposes) is dismissed.

/s/ Milton I. Shadur
Milton I. Shadur
Senior United States District Judge

Date: August 15, 2000